### DONOVAN v. CUNARD S. S. CO.

### McGRATH v. SAME

(Supreme Court, Appellate Term. January 7, 1904.)

1. PLEADING—UNCERTAIN ALLEGATIONS—ORDERS TO MAKE CERTAIN.
   An allegation in a complaint for a servant's injuries that "defendant had in its employ a certain man by the name of C. Q., at Pier 51, * * *," there being nothing further in the complaint relating to C. Q., was properly ordered to be made definite and certain, under Code Civ. Proc. § 546, providing for such orders when allegations are so uncertain that their precise meaning or application is not apparent.

Appeal from City Court of New York, Special Term.

Separate actions by Daniel Donovan and Michael McGrath against the Cunard Steamship Company. From orders of the City Court granting motions to make the complaint more definite and certain, plaintiffs separately appeal. Affirmed.

The following is the substance of the complaint:

First Paragraph. That the defendant is a corporation.

Third Paragraph. That the plaintiff was in the employ of the defendant.

Fourth Paragraph. That on July 7, 1903, the plaintiff was injured by the fall of certain bags of sugar on a steamer of the defendant.

Fifth Paragraph. That the injuries occurred through the carelessness or negligence of the defendant or its servants.

Sixth Paragraph. That by reason of the injuries plaintiff has suffered great pain, and has been put to expense.

Seventh Paragraph. That the plaintiff has been unable to pursue his vocation.

Eighth Paragraph. That plaintiff's injuries are permanent.

Ninth Paragraph. That he has served notice under chapter 600, p. 1748, of the Laws of 1902.

Tenth Paragraph. That his damages are $2,000.

Interjected among these allegations is the second paragraph of the complaint, which is as follows:

"(2) Upon information and belief, that at all times hereinafter mentioned the above-named defendant had in its employ a certain man by the name of Christopher Quinn, at Pier 51, North river, in the borough of Manhattan, city of New York." The defendant applied to have this second paragraph made more definite and certain, or stricken out, and from the order of the court to that effect this appeal is taken.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

J. M. Birnbaum, for appellant.
Lord, Day & Lord, for respondent.

PER CURIAM. As the appeals from the orders in each of the above-entitled actions raise the identical question, they will be considered together.

The allegations in the second paragraph referring to one Quinn are of such vague, uncertain, and indefinite character that the court below properly granted defendant's motion under section 546 of the Code of Civil Procedure. As the plaintiff had an opportunity to make the allegations more definite, he is not now in a position to complain of the provision of the order striking out the paragraph in default of his failure to comply therewith.

The orders are affirmed, with $10 costs and disbursements.